# RECORD NO. 14-1156

In The

# United States Court Of Appeals

## For The Fourth Circuit

## EDWINA ROGERS,

*Plaintiff – Appellant,*

v.

## JON DEANE, CPA; GAFFEY DEANE TALLEY, PLLC, a successor in part to Murphy Deane & Company, PLC,

*Defendants – Appellees.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
AT ALEXANDRIA

————————

## BRIEF OF APPELLANT

————————

Steven L. Gremminger
Steven M. Oster
GREMMINGER LAW FIRM
5335 Wisconsin Avenue, N.W. Suite 440
Washington, DC 20015
(202) 885-5526
steve@gremmingerlawfirm.com
steve@osterlawfirm.com

*Counsel for Appellant*

*Gibson*Moore Appellate Services, LLC
421 East Franklin Street ♦ Suite 230 ♦ Richmond, VA 23219
804-249-7770 ♦ www.gibsonmoore.net

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

Disclosures must be filed on behalf of <u>all</u> parties to a civil, agency, bankruptcy or mandamus case, except that a disclosure statement is **not** required from the United States, from an indigent party, or from a state or local government in a pro se case.  In mandamus cases arising from a civil or bankruptcy action, all parties to the action in the district court are considered parties to the mandamus case.

Corporate defendants in a criminal or post-conviction case and corporate amici curiae are required to file disclosure statements.

If counsel is not a registered ECF filer and does not intend to file documents other than the required disclosure statement, counsel may file the disclosure statement in paper rather than electronic form.  Counsel has a continuing duty to update this information.

No.  14-1156      Caption:  Rogers v. Deane, et al.

Pursuant to FRAP 26.1 and Local Rule 26.1,

Edwina C. Rogers
(name of party/amicus)

_____

 who is _____Appellant_____, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)

1.      Is party/amicus a publicly held corporation or other publicly held entity?      ☐ YES ☑ NO

2.      Does party/amicus have any parent corporations?      ☐ YES ☑ NO
        If yes, identify all parent corporations, including grandparent and great-grandparent corporations:

3.      Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?      ☐ YES ☑ NO
        If yes, identify all such owners:

4.    Is there any other publicly held corporation or other publicly held entity that has a direct
financial interest in the outcome of the litigation (Local Rule 26.1(b))?    ☐YES ☑NO
If yes, identify entity and nature of interest:

5.    Is party a trade association? (amici curiae do not complete this question)    ☐YES ☑NO
If yes, identify any publicly held member whose stock or equity value could be affected
substantially by the outcome of the proceeding or whose claims the trade association is
pursuing in a representative capacity, or state that there is no such member:

6.    Does this case arise out of a bankruptcy proceeding?    ☐YES ☑NO
If yes, identify any trustee and the members of any creditors' committee:

Signature: /s/ Steven Gremminger    Date: 2/27/2014

Counsel for: Appellant Edwina C. Rogers

## CERTIFICATE OF SERVICE
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

I certify that on February 27, 2014 the foregoing document was served on all parties or their
counsel of record through the CM/ECF system if they are registered users or, if they are not, by
serving a true and correct copy at the addresses listed below:

Dennis J. Quinn
Carr Maloney, P.C.
2000 L Street, N.W., Suite 450
Washington, DC 20036

/s/Steven Gremminger                                        2/27/2014
    (signature)                                                (date)

# TABLE OF CONTENTS

**PAGE:**

TABLE OF AUTHORITIES ...............................................................iv

JURISDICTIONAL STATEMENT ....................................................1

STATEMENT OF THE ISSUES.........................................................2

STATEMENT OF THE CASE............................................................4

    FACTUAL BACKGROUND.............................................................4

        Deane's Misconduct ...........................................................5

        The Conspiracy Between Messrs. Deane and Rogers..........7

    PROCEDURAL HISTORY ..............................................................9

        The Federal Action ............................................................9

        Appellees' Motion to Dismiss...........................................10

        The Second Amended Complaint ......................................11

        Appellees' Motion for Summary Judgment.......................12

    SUMMARY OF ARGUMENT ..........................................................16

    ARGUMENT ................................................................................19

        Standard of Review...........................................................19

        Applicable Law..................................................................20

    I.    THE DISTRICT COURT'S FAILURE TO ACKNOWLEDGE
        OR ADDRESS APPELLANT'S REQUEST FOR
        DISCOVERY PURSUANT TO RULE 56(d) REQUIRES
        REMAND........................................................................20

i

II.     APPELLANT INTRODUCED SUFFICIENT EVIDENCE TO
        DEFEAT SUMMARY JUDGMENT ON HER CONTRACT
        CLAIM;    HOWEVER,    THE    TRIAL    COURT'S
        APPLICATION OF VIRGINIA LAW TO THE ELEMENT OF
        DAMAGES WAS ERRONEOUS .......................................................24

        Virginia Law on Contract Damages....................................................25

        A.    PENALTIES, INTEREST, ADDITIONS TO TAX, ATTORNEY'S
              FEES AND ACCOUNTANT'S FEES ARISE NATURALLY AND
              ORDINARILY FROM A TAX RETURN PREPARER'S BREACH,
              AND THEREFORE ARE DIRECT DAMAGES ..................................26

        B.    ALTERNATIVELY, THE PENALTIES, INTEREST, ADDITIONS
              TO TAX, ATTORNEY'S FEES, AND ACCOUNTANT'S FEES
              ARE   RECOVERABLE   AS   CONSEQUENTIAL   DAMAGES
              BECAUSE THEY WERE FORESEEABLE TO DEANE.........................30

              1.    That Deane foresaw Appellant would suffer
                    penalties and interest as a result of his breach is
                    undisputed.....................................................................31

              2.    The District Court erroneously required Appellant
                    to prove Deane agreed to be liable for
                    consequential damages ..................................................32

              3.    Appellant came forward with sufficient evidence
                    as to consequential damages to defeat Deane's
                    motion; the District Court erroneously failed to
                    properly consider the admissions in Deane's form
                    engagement letter and other evidence he foresaw
                    penalties and interest damages .......................................34

        C.    THE EVIDENCE BEFORE THE DISTRICT COURT ON THE
              ISSUE OF PROXIMATE CAUSATION WAS SUFFICIENT TO
              CREATE A GENUINE DISPUTE OF MATERIAL FACT ....................36

III.    APPELLANT MADE A PRIMA FACIE SHOWING OF A CONSPIRACY PURSUANT TO VA. CODE §§ 18.2-499 AND -500; DISPUTED ISSUES OF FACT PRECLUDE SUMMARY JUDGMENT ................................................................39

Statutory Business Conspiracy .....................................................39

A.    APPELLEES FAILED TO SUSTAIN THEIR BURDEN OF PROVING NO DISPUTED ISSUE OF FACT AS TO AN AGENCY RELATIONSHIP BETWEEN DEANE AND ED ROGERS ......................................................41

B.    APPELLANT INTRODUCED SUFFICIENT EVIDENCE TO CREATE A JURY QUESTION AS TO WHETHER DEANE ACTED WITH LEGAL MALICE .............................................................................................45

C.    APPELLANT INTRODUCED SUFFICIENT EVIDENCE TO CREATE A JURY QUESTION AS TO WHETHER DEANE INJURED HER BUSINESS INTERESTS ........................................................................................47

CONCLUSION ...........................................................................................49

STATEMENT REGARDING ORAL ARGUMENT ............................................50

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

**PAGE(S):**

## CASES:

*Adel v. Parkhurst*,
    681 P.2d 886 (Wyo.1984)....................................................................29

*Advanced Marine Enters., Inc. v. PRC Inc.*,
    256 Va. 106 (1998) .........................................................................40

*Allen Realty Corp. v. Holbert*,
    227 Va. 441 (1984) .........................................................................41

*Allen v. Lindstrom*,
    239 Va. 489 (1989) .........................................................................41

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986)....................................................................19, 20

*Bick v. Peat Marwick & Main*,
    14 Kan.App.2d 699, 799 P.2d 94 (1990)....................................................29

*Boone v. C. Arthur Weaver Co.*,
    235 Va. 157 (1988) .........................................................................28

*C. Arthur Weaver Company, Inc. v. H.C. Boone*,
    2 Va. Cir. 242 (Cir. Ct. Rich. 1984) ............................................................28

*Carpenter v. Drechsler*,
    1991 WL 332766 (W.D. Va. May 7, 1991), *aff'd mem.*,
    19 F.3d 1428 (4th Cir. 1994) .........................................................................40

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986).........................................................................20

*Charles E. Brauer Co., Inc. v. NationsBank of Virginia, N.A.*,
    251 Va. 28 (1996) .........................................................................42

*Commercial Bus. Sys. v. BellSouth Servs., Inc.*,
    249 Va. 39 (1995) .......................................................................46

*Couch v. United States*,
    409 U.S. 322 (1973)...................................................................41

*Drake v. Livesay*,
    231 Va. 117 (1986) ....................................................................41

*Erie R. Co. v. Tompkins*,
    304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938) .................20

*Evans v. Technologies Applications & Serv. Co.*,
    80 F.3d 954 (4th Cir. 1996) ...............................................19, 20

*Frank v. Lockwood*,
    275 Neb. 735, 749 N.W.2d 443 (2008) ....................................29

*H & R Block v. Testerman*,
    275 Md. 36 (1975) .....................................................................28

*Hadley v. Baxendale*,
    9 Exch. 341, 156 Eng. Rep. 145 (1854) ...................................25

*Hardy-Latham v. Wellons*,
    415 F.2d 674 (4th Cir. 1968) ....................................................20

*Harrods Ltd. v. Sixty Internet Domain Names*,
    302 F.3d 214 (4th Cir. 2002) ....................................................20

*Ingle v. Yelton*,
    439 F.3d 191 (4th Cir. 2006) ...............................................21, 45

*Jamison, Money, Farmer & Co., PC v. Standeffer*,
    678 So.2d 1061 (Ala.1996).......................................................29

*Jerry Clark Equip., Inc. v. Hibbits*,
    245 Ill.App.3d 230, 183 Ill. Dec. 931,
    612 N.E.2d 858 (1993), *appeal den.*,
    152 Ill.2d 560, 190 Ill. Dec. 891, 622 N.E.2d 1208 (1993) .........29

*Jones v. Childers*,
    1992 WL 300845 (D.C.Fla.), *aff'd in part, and rev'd in part*,
    18 F.3d 899 (11thCir.1994) .......................................................................29

*L. B. Laboratories, Inc. v. Mitchell*,
    39 Cal. 2d 56, 244 P.2d 385 (1952)...........................................................29

*Long v. Abbruzzetti*,
    254 Va. 122 (1997) ..............................................................................25, 26

*Loving v. I.R.S.*,
    742 F.3d 1013 (D.C. Cir. 2014)......................................................43, 44, 45

*Merriam v. Continental Casualty Co.*,
    228 Wis.2d 510, 597 N.W.2d 774 (Ct.App.1999), *review den.*,
    230 Wis.2d 274, 604 N.W.2d 572 (1999) ...................................................29

*Mid Atlantic Telecom, Inc. v. Long Distance Servs., Inc.*,
    18 F.3d 260 (4th Cir. 1994) .......................................................................23

*Moonie v. Lynch*,
    256 Cal.App.2d 361, 64 Cal.Rptr. 55 (1967) ..............................................29

*Morrison v. Nissan Co., Ltd.*,
    601 F.2d 139 (4th Cir. 1979) .....................................................................20

*Multi-Channel TV Cable Co. v.*
*Charlottesville Quality Cable Operating Co.*,
    108 F.3d 522 (4th Cir. 1997) ...............................................................40, 46

*Patty Precision v. Brown & Sharpe Mfg. Co.*,
    742 F.2d 1260 (10th Cir. 1984) .................................................................23

*Rashidi v. Albright*,
    818 F. Supp. 1354 (D. Nev. 1993), *aff'd*,
    39 F.3d 1188 (9th Cir. 1994) ............................................................... 23-24

*Richmond Medical Supply Co. v. Clifton*,
    235 Va. 584 (1988) ...................................................................................34

*Riestroffer v. Person*,
    247 Va. 45 (1994) ........................................................................41

*Roanoke Hospital Asso. v. Doyle & Russell, Inc.*,
    215 Va. 796 (1975) ...........................................................31, 32, 35

*Rogers v. Rogers, et al.*,
    No. 2012-00894 (Cir. Ct. Fairfax) ................................................9

*Ruper v. Spada*,
    1987 WL 30526 (Ohio Ct. App. Dec. 24, 1987) ..........................29

*Sahadi v. Schaeffer*,
    155 Cal. App.4th 704 (2007) .......................................................29

*Simmons v. Miller*,
    261 Va. 561 (2001) ................................................................45, 46

*Sinclair Ref. Co. v. Hamilton & Dotson*,
    164 Va. 203 (1935) .....................................................................25

*Thomas v. Cleary*,
    768 P.2d 1090 (Alaska 1989) ......................................................28

*United States v. Diebold, Inc.*,
    369 U.S. 654 (1962) ....................................................................19

*Va. Polytechnic Inst. & State Univ. v. Interactive Return Serv.*,
    267 Va. 642 (2004) .................................................................31, 32

*Vitol, S.A. v. Primerose Shipping Co. Ltd.*,
    708 F.3d 527 (4th Cir. 2013) .......................................................23

*Vogt v. Abish*,
    663 F. Supp. 321 (S.D.N.Y. 1987) ..............................................29

*Warmbrodt v. Blanchard*,
    100 Nev. 703, 692 P.2d 1282 (1984)...........................................29

*Wells v. Whitaker*,
207 Va. 616 (1966) .......................................................................................42

*Wyatt v. Smith*,
1993 WL 518630 (Ohio Ct.App.)..................................................................29

## **STATUTES:**

28 U.S.C. § 1291 .......................................................................................................1

28 U.S.C. § 1332(a)(1) ..............................................................................................1

31 U.S.C. § 330..........................................................................................................44

CPC ET § 102.03 ("AICPA Code of Professional Conduct") ...........................5, 46

Va. Code § 18.2-499 ...........................................................................................10, 39, 46

Va. Code § 18.2-500 ...........................................................................................10, 39, 46

Va. Code § 54.1-44413.3(4) .................................................................................5, 38, 46

Va. Code § 8.01-229(E)(3) .......................................................................................9

Va. Code Ann. § 18.2-499(a)....................................................................................40

## **RULES:**

Fed. R. Civ. P. 12 ..............................................................................................21, 23

Fed. R. Civ. P. 12(b)(6)...........................................................................................24

Fed. R. Civ. P. 24 ...................................................................................................20

Fed. R. Civ. P. 56 ...................................................................................................21

Fed. R. Civ. P. 56(c)................................................................................................19

Fed. R. Civ. P. 56(d) ..........................................................................................*passim*

**REGULATION:**

26 C.F.R. § 601.504(a)................................................................44

**OTHER:**

Restatement (2d) of Agency § 12 .............................................42

Restatement (2d) of Agency § 14 .............................................42

Restatement (2d) of Contracts § 351 ...................................26, 32

## JURISDICTIONAL STATEMENT

A.    The District Court below had jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a)(1).

B.    This Honorable Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

C.    This appeal is from a final judgment for the Defendants-Appellees entered by the District Court, Honorable Gerald Bruce Lee, on January 22, 2014. (Joint Appendix ("JA") at 650). Plaintiff-Appellant filed a timely Notice of Appeal on February 19, 2014. (*Id*. at 675).

## <u>STATEMENT OF THE ISSUES</u>

Appellant Edwina C. Rogers raises the following issues in this appeal:

A.    Appellees sought summary judgment before the parties had an opportunity to engage in discovery in this case (only limited written discovery was permitted in an earlier state court action). In response, Appellant requested the District Court deny or defer summary adjudication until she had an opportunity to, *inter alia*, depose Appellee Deane and another witness on whose declarations Appellees' motion relied. Her request was accompanied by a detailed declaration from counsel in compliance with Fed. R. Civ. P. ("Rule") 56(d). Was it error for the District Court to grant summary judgment without acknowledging or addressing Appellant's Rule 56(d) request for discovery?

B.    Appellant's damages included penalties and interest incurred as a result of Appellees' professional negligence and breaches of contract in preparing her tax returns. The District Court, applying Virginia law, rejected Appellant's damages on three grounds, each of which is erroneous as a matter of law:

      1.    Are Internal Revenue Service ("IRS") penalties and interest direct damages arising from a tax preparer's breach of contract?

      2.    In the alternative, must a plaintiff prove a defendant expressly agreed to be liable for certain consequential damages, or is it sufficient for a plaintiff to prove a defendant foresaw such

damages at the time of contracting? Was it error for the District Court to rule no reasonable juror could find Appellees foresaw damages which they expressly tried to disclaim?

3.     Where a tax return preparer representing a couple going through a bitter divorce submits a joint extension request which he knows will cause one spouse to incur IRS penalties, has the tax return preparer proximately caused that spouse's damages?

C.     Are tax return preparers agents of clients for whom they prepare returns?

D.     In order to recover pursuant to Virginia's business tort statute, must a plaintiff prove all co-conspirators shared the same malicious intent, or is it sufficient to show the defendant acted unlawfully and damaged plaintiff's business interests?

## STATEMENT OF THE CASE

This case arises out of Appellees' disregard of obvious ethical and statutory requirements while preparing tax returns for Appellant Edwina Rogers and her husband Ed Rogers, who at the time were separated as prelude to a bitter divorce. Appellees Jon Deane and his firm (together "Deane") led Appellant to believe they were preparing a joint return for the couple which showed an overpayment for 2009. Instead, without Appellant's knowledge or consent, Deane prepared a separate return for her husband which allocated to him all of the couple's deductions, exemptions, payments, and credits and diverted to Appellant their joint liabilities. Deane concealed his actions from Appellant until well after the point at which Appellant could have prevented or mitigated her losses. By the time she discovered Deane's deceit, Appellant had already incurred penalties, interest charges, and other damages.

### FACTUAL BACKGROUND

Appellant and Ed Rogers were married in the District of Columbia in 1989. They separated in 2009 and their divorce became final in July, 2012. From the mid 1990's through 2008, Deane prepared federal and Commonwealth income tax returns for the Rogers using the filing status "Married Filing Jointly." By 2010, when Deane was engaged to prepare the Rogers' 2009 tax returns, Deane knew Appellant and Ed Rogers were in the midst of an acrimonious divorce and their

4

interests conflicted.[1] Deane's resolved that conflict in favor of Ed Rogers, concealed information from and lied to Appellant, and conspired with Ed Rogers to financially cripple Appellant and her business.

## Deane's Misconduct

As he had done for approximately 15 years, in 2010 Deane prepared the Rogers' tax returns for the 2009 tax year. Each year he had prepared a joint extension of time to file on their behalf, and subsequently prepared joint returns. In April, 2010, however, Deane knew Ed Rogers intended to divorce his wife and knew, or should have known, this presented an obvious conflict of interest.

Any doubt on Deane's part should have been erased by the AICPA Code of Professional Conduct ("CPC"), with which Jon Deane, as a Virginia Certified Public Accountant ("CPA"), was required by Virginia statute to comply. Va. Code § 54.1-44413.3(4). CPC ET § 102.03 directs that a conflict of interest disqualifies a CPA from continuing the engagement unless the conflict is "disclosed to and consent is obtained from [the affected] client . . ." The rule gives the following as an example "of situations that should cause a member to consider whether or not the client . . . could view the relationship as impairing the member's objectivity . . . . A member has provided tax . . . services for a married couple who are undergoing a

---

[1] In fact, Deane knew the Rogers were divorcing before Appellant, who first learned Ed Rogers had sued for divorce when she was served with a complaint in August, 2010. (JA at 546, ¶ 20).

divorce, and the member has been asked to provide the services for both parties during the divorce proceedings."

Deane faced this exact conflict when preparing the Rogers' extension request and 2009 tax returns, but failed to disclose the conflict to Appellant or obtain her consent to his continued engagement. (JA at 546-48, ¶¶ 17, 19, 20, 22, 24, and 30).

Instead, Deane knowingly prepared documents for filing with the IRS which caused Appellant to suffer foreseeable damages. As noted above, before 2009 Deane had always prepared joint returns for the Rogers. Without informing Appellant—indeed while concealing his actions from and otherwise misleading her—Deane agreed with Ed Rogers to prepare a separate return for him in which he allocated to him all of the couple's tax credits, deductions, exemptions, and tax payments which would otherwise have been available to Appellant. (JA at 546, ¶ 16). At the same time, Deane sent to Appellant a copy of an automatic extension request which stated the parties were filing jointly.  (*Id*. at ¶ 17). ***That document indicated the Rogers had overpaid estimated taxes for 2009.***  (*Id*. at 392). Deane knew on the date it was filed that Appellant would be immediately exposed to an unpaid federal tax liability and substantial IRS penalties which would continue to accrue, since the extension was filed without a payment. (*Id*. at 532).

6

Deane disclosed none of this to Appellant. (JA at 547, ¶¶ 19, 23). He concealed the truth from her until well after Ed Rogers' separate return had already been filed. (*Id*. at ¶¶ 21-23). By his own admission, Jon Deane knew Appellant was incurring damages but he communicated this fact only to Mr. Rogers.  (*Id*. at 532). He thereafter refused to provide Appellant a copy of the separate return he prepared for Ed Rogers, which would have alerted her to the tax liability (and Deane's duplicity). (*Id*. at 547, ¶ 23). By the time Deane finally disclosed his misconduct to Appellant, she was already damaged. Even then, when Appellant demanded to know why her return contained none of the couple's tax payments, exemptions, deductions and tax credits, Deane cynically replied that legally she was not entitled because her husband had already claimed them. (*Id*. at 546, ¶ 17). Thus did Deane breach his duty to Appellant and violate Virginia law incorporating the accounting standards Deane was bound to uphold.

## The Conspiracy Between Messrs. Deane and Rogers

Deane acted in concert with Ed Rogers. There is sufficient evidence of their collusion to have precluded summary adjudication of this issue. After Mr. Deane sent Appellant the joint extension request, he and Ed. Rogers privately agreed Deane would not send information regarding the Rogers' taxes to their home, where it might be seen by Appellant. (JA at 534). They alone knew there would be no joint return.  (*Id*. at 534-535). They agreed Deane would prepare

separate returns and review the "outcome" together prior to finalizing. (*Id.*). As of May, 2010 Deane knew Appellant was continually accruing penalties and interest and communicated that fact to Mr. Rogers but not to Appellant. (*Id*. at 534 and 541). When Appellant requested information concerning the return Deane had prepared for Mr. Rogers, Deane refused her request. (*Id*. at 547, ¶¶ 19, 23). By contrast, long after she discharged him, Deane disclosed Appellant's 2007 and 2008 business income and other confidential information to Ed Rogers upon ***his*** request. (*Id*. at 542).

Furthermore, Deane was intimately familiar with Appellant's consulting business. (JA at 547, ¶ 28). Ed Rogers knew Deane's malfeasance would cripple Appellant's business and prevent her from earning sufficient income to challenge for custody of their children. (*Id*. at 341, ¶¶ 89, 90). Deane's motive is equally clear: he entered into the conspiracy for his own financial benefit. Ed Rogers directly and indirectly sends a "substantial" amount of business to Deane's accounting firm. In addition to Mr. Rogers' personal tax work, Deane provides tax and auditing services for several companies which Ed Rogers controls, including BGR Consulting, Inc. Appellant cannot provide comparable income to Deane. (JA at 335-36).

As a direct, proximate, and foreseeable result of Deane's acts and omissions described above, Appellant has suffered and continues to suffer damages, including

additional taxes, penalties, interest, accounting fees, and attorney's fees. While the document Deane claims is a contract may not be enforced against Appellant, it proves these damages were foreseeable to Deane at the time he agreed to prepare her tax returns.  (JA at 380 ). Appellant's consulting business has been ruined and her professional reputation tarnished. At the very least she is entitled to have a jury decide whether and, if so, to what extent Deane is liable for his mendacity.

## PROCEDURAL HISTORY

Mrs. Rogers initially brought claims against her husband and several of his confederates, including Deane, in a state court action filed on January 19, 2012. *Rogers v. Rogers, et al.*, No. 2012-00894 (Cir. Ct. Fairfax). The parties engaged in some written discovery before Appellant took a nonsuit on July 27, 2012. Pursuant to Va. Code § 8.01-229(E)(3), claims refiled against Deane within six months relate back to the original filing date for statute of limitations purposes.

## The Federal Action

Appellant filed this case in the Eastern District of Virginia on January 23, 2013. (JA at 10). Jurisdiction below was based on diversity of citizenship between her and Deane. She amended her complaint on March 13, 2013. (JA at 30). Although there was some overlap between the two actions, including claims for breach of contract and professional malpractice, Appellant's federal complaint asserted new claims, including negligence *per se* based on Deane's violation of Virginia statutory standards

of ethical conduct for accountants, malpractice, breach of the implied covenant of good faith and fair dealing, and conspiracy in violation of Va. Code §§ 18.2-499 and -500.

### Appellees' Motion to Dismiss

Before the parties had an opportunity for discovery, Deane filed a Motion to Dismiss the Amended Complaint or for Summary Judgment on May 15, 2013. (JA at 52). The District Court granted Deane's motion. (*Id.* at 325). Of relevance to this appeal, Judge Lee held claims arising out of accounting malpractice sounded in contract rather than tort and thus that Appellant was limited to contract claims and damages. (*Id.* at 313-14). On this basis, he also dismissed Appellant's claims based on negligence *per se*. (*Id.* at 316).

Judge Lee further opined that penalties, interest, additions to tax, and IRS defense costs were consequential rather than direct damages from a tax preparer's breach of contract. (*Id.* at 296-97). The District Court then held Virginia law requires a plaintiff to prove a defendant affirmatively "agreed to take on the responsibility" for consequential damages. (*Id.* at 662). Without evidence of such an agreement, Judge Lee found Appellant had failed to satisfy the damages element of her breach of contract claim.[2]

---

[2] As fully discussed below, Appellant does not concede penalties and interest to be consequential damages. They flow naturally from any tax preparer's breach and are properly considered direct damages. Because Deane expressly foresaw

The District Court also granted Deane's motion to dismiss Appellant's statutory conspiracy claim on agency grounds. Specifically, Judge Lee found all tax return preparers to be agents of their clients and, because the law considers an agent and the principal in whose shoes the agent stands to be one person, concluded there cannot be a conspiracy between an accountant and his client. (JA at 312-13). Judge Lee dismissed the Amended Complaint without prejudice and granted Appellant leave to amend. (*Id.* at 322-23).[3]

## The Second Amended Complaint

Appellant filed her Second Amended Complaint on August 16, 2013. (JA at 326). Consistent with Judge Lee's prior holding that a professional malpractice claim against an accountant sounds in contract rather than tort, the Second Amended Complaint characterized Deane's various negligent and intentional unlawful acts as in breach of Deane's implied agreement to prepare Appellant's taxes with due care and in a competent and professional manner. (*Id.* at 345, ¶ 110). Appellant also alleged specific facts which should have precluded any contention Deane and Ed Rogers were agent and principal. (*Id.* at 329-32, ¶¶ 24-33).

---

penalties and interest as a likely result of his breach, however, they are recoverable by Appellant regardless of whether considered direct or consequential damages.

[3] The District Court dismissed Appellant's claims for Intentional Infliction of Emotional Distress and Recoupment. (JA at 312). Appellant does not appeal those dismissals.

## **Appellees' Motion for Summary Judgment**

Deane responded to the Second Amended Complaint with a Motion for Summary Judgment which relied on two conclusory declarations from Jon Deane and Ed Rogers and, for the first time, an unsigned, form engagement letter which Deane now claimed was a contract with Appellant and her husband. (*Id*. at 349, 380, 382, and 386).

Appellant's Opposition included a request pursuant to Rule 56(d) that Judge Lee deny, or postpone ruling on, the motion because Appellant had not had an opportunity for necessary discovery. (JA at 529-30). The request was properly supported by a declaration from Appellant's counsel which specifically identified the need to depose Jon Dean and Ed Rogers regarding their "me too" declarations (on which Judge Lee's subsequent opinion and order would extensively rely). (*Id*. at 549-50). Judge Lee failed to acknowledge, let alone rule, on Appellant's request. (*Id*. at 650-73).[4]

Instead, for the second time Judge Lee summarily dismissed Appellant's case. (JA at 649). Respectfully, the District Court repeated two errors from his earlier decision: First, Judge Lee held a plaintiff may not recover consequential damages absent proof of an ***explicit agreement*** by the defendant to accept liability for such damages. (*Id*. at 662). As noted above, Deane offered an unsigned, form

---

[4] This alone is sufficient grounds for remand. *See* discussion, *infra* at 21-24.

tax preparation engagement agreement he had prepared which expressly disclaimed liability for penalties and interest arising out of his malpractice. (*Id*. at 380-18). The Court found disputed issues of fact precluded summary judgment on the question whether Appellant was bound by the form engagement agreement, which she never signed and swore she never saw. (JA at 662).

Nevertheless, finding Appellant failed to allege compensable damages, the District Court dismissed Appellant's claim. Judge Lee rejected Appellant's assertion that the engagement letter was an admission by Deane that he anticipated the possibility of penalties and interest as potential damages from his failure to perform (the standard for recovery of consequential damages under the law of Virginia and elsewhere). (JA at 662-63). In effect, Judge Lee held no reasonable juror could find Deane foresaw the damages which Deane explicitly tried to disclaim in his standard form engagement letter.

The District Court also held Appellant had failed to come forward with evidence raising a triable issue as to whether Deane's breach had proximately caused her damages. (JA at 663). In so doing, Judge Lee stood the applicable standard on its head, resolving evidentiary inferences in favor of Deane instead of Appellant as the non-moving party. The District Court found "[a]t the very least [Appellant] knew exactly what her tax liability was…in August of 2010…." (*Id*.). However, Appellant began incurring damages four months earlier, on April 15,

2010, when Deane sent her a copy of the joint Request for Automatic Extension which he claimed he had filed and which showed a tax overpayment. (*Id* at 392). Relying on that document, Appellant did not make a tax payment when the joint extension was filed.

Meanwhile, Deane concealed from Appellant his intent to prepare a separate return for Ed Rogers which allocated to him the entire tax payment and all of the couple's available tax credits, deductions, tax payments and exemptions. This left Appellant with an unpaid federal and Virginia tax liability which she would not have otherwise had, and caused her a tax deficiency which accrued penalties and interest beginning on April 15, 2010. (*Id.* at 398).

The second error carried over from Judge Lee's first opinion was his determination that Deane was acting as an agent for Ed Rogers, thus invalidating Appellant's conspiracy claim. (JA at 668-69). Any suggestion of an agency relationship should have been conclusively refuted by the form engagement letter which both Deane and Ed Rogers swore defined their relationship. (*Id.* at 380-81).[5] That document is not an agency agreement; it merely is an offer to prepare tax forms and states: "Our engagement will be complete upon the delivery of the returns to you." (*Id.* at 380). It contains no language empowering Deane to alter

---

[5] Deane offered a second copy of the form letter. This copy was dated after Deane's misconduct, was signed by Ed Rogers only, and is missing a supposedly incorporated attachment. (JA at 598-99). Appellant never saw either copy of the form letter and never agreed to be bound its terms. (JA at 544-45, ¶¶ 2-9).

Ed Rogers' legal relationship with, or communicate on his behalf with, any third party. It bears no indicia of an intent by Deane to act as an agent or by Ed Rogers to appoint an agent. (*Id*. at 380-81). Judge Lee, however, ignored this agreement entirely, relying instead on counsel's unsupported *ipse dixit* and Ed Rogers' bald statement that Deane was "my agent for tax purposes." (*Id*. at 669).[6]

In sum, Judge Lee twice dismissed Appellant's case on erroneous legal grounds without ruling on her request for discovery pursuant to Rule 56(d). On February 19, 2014, Appellant filed a timely Notice of Appeal. (JA at 674).

---

[6] By way of contrast, Judge Lee criticized Appellant's detailed factual allegations, as "conclusory." (JA at 658, 662, 665, 670, 671, and 673).

## SUMMARY OF ARGUMENT

The record in this case is riddled with disputed issues of fact which should have precluded summary judgment. As a threshold matter, remand is required by the District Court's failure to acknowledge or rule on Appellant's request for discovery pursuant to Rule 56(d). Deane twice brought dispositive motions before the parties engaged in discovery. Deane's summary judgment motion addressed matters of intent and motive, and relied on his and Ed Rogers' declarations, thus necessitating depositions of Deane and Ed Rogers. Appellant properly supported her request with a declaration by counsel identifying specific issues on which discovery was required to respond to the motion. However, Judge Lee inexplicably failed to address Appellant's request. Even though Appellant was thereby prejudiced, she nevertheless sustained her burden of demonstrating disputed issues of fact sufficient to avoid summary judgment.

The District Court committed three errors in holding Appellant failed to prove the damages element of her contract claim. First, Judge Lee held penalties, interest, and additions to tax were not direct damages, even though they are the natural and ordinary result of a tax return preparer's malfeasance. Second, Judge Lee held a plaintiff must prove a defendant agreed to be liable for consequential damages, which is not a requirement under Virginia law. The evidence indicated Deane attempted in a form letter to disclaim liability for such damages; a

reasonable juror could thus find Deane foresaw those damages. Under a correct application of Virginia law, Appellant may recover these damages.

Third, Judge Lee held Deane did not proximately cause Appellant's injuries. Yet Deane prepared and sent Appellant a joint automatic extension request showing no taxes due, leading her to believe she did not need to make a payment on April 15, 2010. At the same time, Deane did not disclose to Appellant his agreement to prepare a separate return for Ed Rogers which allocated to him all of the couple's payments, deductions, exemptions, and credits. Deane thus violated Virginia statutory law and his ethical obligations, and caused Appellant to be penalized by the IRS and Virginia taxing authorities.

The District Court also erroneously dismissed Appellant's claim under Virginia's statutory business conspiracy law. Judge Lee held Deane to have been Ed Rogers' agent, even though the agreement between them evidences no such relationship. Furthermore, after entry of the decision below, the Court of Appeals for the District of Columbia Circuit held tax return preparers are not agents of their clients. If this Court agrees with its sister circuit, Deane and Ed Rogers were not agent and principal. At a minimum, disputed issues of fact preclude summary adjudication of the agency question.

Furthermore, by failing to notify Appellant of his conflict of interest and failing to obtain her consent to his continued representation, Deane acted

unlawfully, thus satisfying the "legal malice" element of Appellant's statutory conspiracy claim. Appellant also introduced evidence that Deane entered into the conspiracy with Ed Rogers for his own pecuniary benefit: Ed Rogers directly and indirectly sent a substantial volume of business to Deane. Finally, Appellant testified Deane was intimately familiar with her consulting business and his unlawful acts and omissions destroyed that business. Accordingly, Appellant should have been permitted to submit her conspiracy claim to a jury.

## **ARGUMENT**

Judge Lee apparently viewed this as a divorce matter rather than what it is: a professional malpractice case in which Deane subverted Appellant's interests to his own and those of her ex-husband. As a result, Appellant was denied her day in court and Deane escaped responsibility for causing her damage through actions which violate bright line ethical rules.

### **Standard of Review**

This Court reviews Judge Lee's grant of summary judgment to Deane *de novo*, "applying the same legal standards as the district court and viewing the facts and inferences drawn from the facts in the light most favorable to [Appellant], the non-moving party." *Evans v. Technologies Applications & Serv. Co.*, 80 F.3d 954, 958 (4th Cir. 1996) (citations omitted). Summary judgment is permissible only where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).   Judgment may be granted only where it is perfectly clear that there is no dispute about either the facts of the controversy or the inferences to be drawn from such facts.  *United States v. Diebold, Inc*., 369 U.S. 654, 655 (1962). "Accordingly, even though there may be no dispute about the basic facts, still summary judgment will be inappropriate if the parties disagree on the inferences which may reasonably be drawn from those undisputed facts." *Morrison v. Nissan*

*Co., Ltd.*, 601 F.2d 139, 141 (4th Cir. 1979). The record below is abundant with disputed issues of fact, requiring remand.

## Applicable Law

The parties are in agreement that the law of the Commonwealth of Virginia governs Appellant's substantive claims. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S. Ct. 817, 822, 82 L. Ed. 1188 (1938). Federal law applies to the Court's review of Judge Lee's application of the Federal Rules of Civil Procedure to Deane's Motion for Summary Judgment and Appellant's request for discovery. *See Hardy-Latham v. Wellons*, 415 F.2d 674, 676 (4th Cir. 1968) (federal law governs intervention pursuant to Rule 24).

**I.     THE DISTRICT COURT'S FAILURE TO ACKNOWLEDGE OR ADDRESS APPELLANT'S REQUEST FOR DISCOVERY PURSUANT TO RULE 56(d) REQUIRES REMAND.**

As a general rule, summary judgment is appropriate "only after adequate time for discovery." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Evans*, *supra*, 80 F.3d at 961. Conversely, summary judgment "[must] be refused where the nonmoving party has not had the opportunity to discover information which is essential to his opposition." *Anderson, supra*, 477 U.S. at 250 n. 5; *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244-245 (4th Cir. 2002). In particular, as is the case here, "courts should hesitate before denying Rule 56[d] motions when the party opposing     summary     judgment     is     attempting     to     obtain     necessary

20

discovery of information possessed only by her opponent." *Ingle v. Yelton*, 439 F.3d 191, 196-97 (4th Cir. 2006). These concerns are built into the Federal Rules, which expressly permit a party opposing summary judgment to submit an affidavit or declaration "that, for specified reasons, it cannot present facts essential to justify its opposition…." Rule 56(d).

As noted above, in this case Deane twice sought summary adjudication at the outset of the litigation, first pursuant to Rule 12 and then pursuant to Rule 56. Although the parties engaged in limited paper discovery in the state case, no depositions took place prior to the nonsuit.[7] This litigation asserts new and different claims, some of which are unsuited for summary judgment. For instance, Appellant's conspiracy claim comprises elements of intent and purpose which cannot be litigated by affidavit. Moreover, Deane supported its motion with declarations from Jon Deane and Ed Rogers. Judge Lee relied on their declarations, (in which they carefully

---

[7] Jon Deane and Ed Rogers were deposed in the Rogers' divorce case. There can be no serious contention those depositions sufficed to eliminate prejudice to Appellant in this case. The divorce case contained no claims against Deane. Whether or not Deane committed malpractice, breach of contract, or statutory conspiracy was not at issue the divorce case. Neither were Deane's violations of his statutory and ethical duties to Appellant. Nor was the question whether Deane acted as Ed Rogers' agent at issue. Furthermore, Ed Rogers' and Jon Deane's twin declarations, on which Judge Lee relied to grant summary judgment, were not yet drafted at the time of those depositions, and thus were not subject to cross examination. In short, the instant case involves issues and evidence wholly absent from a divorce case, and those depositions cannot inform this Court's review of Appellant's Rule 56(d) request.

corroborated each other), particularly on the issues of damages, conspiracy, and agency issues. (*E.g.*, JA at 661, 669).

Numerous facts within Deane's exclusive control bear on the case. For instance, there is evidence Deane may not have filed the joint automatic extension request he sent to Appellant. The IRS assessed a $19,000 penalty against Appellant for failing to seek an extension. (JA at 548, ¶ 31). Deane also prepared an individual extension request for Ed Rogers which claimed the same estimated tax payments as did the joint extension request. (JA at 398). Deane claims this extension request was "generated by [his] tax software" but never filed. (*Id.* at 384, ¶¶ 25-26). Yet, upon information and belief, Ed Rogers was ***not*** penalized for failing to seek an extension, raising a question of fact.

Thus Appellant requested the District Court deny, or defer ruling on, Deane's motion until after she had an opportunity for discovery. (JA at 529-30). Appellant supported her request with a declaration from counsel in compliance with Rule 56 and this Court's precedent. (*Id.* at 549). The declaration requested depositions of both of Deane's declarants and identified specific issues for examination, including:

a.  Whether Deane reasonably believed Appellant knew he and Mr. Rogers had agreed the latter would file a separate return.

b.  Whether Deane "inadvertently" failed to copy Appellant on an email which Defendants contend proves he thought the Rogers would be filing a joint return at the time he sent Appellant a joint request for extension.

22

c.      Whether Deane did not intend to mislead Appellant.

d.      Whether Ed Rogers engaged Deane to be his "agent."

(*Id.* at ¶¶ 4(a)-(d), 6, and 7). Consistent with the authority discussed above, Appellant should have been permitted an opportunity to test Deane's evidence with cross-examination before judgment was entered against her. Appellant was never afforded that opportunity.

Ordinarily, this Court would review for abuse of discretion a district court's refusal to allow a party the opportunity to engage in discovery prior to entering summary judgment. *Mid Atlantic Telecom, Inc. v. Long Distance Servs., Inc.*, 18 F.3d 260, 262 (4th Cir. 1994). However, Judge Lee did not exercise his discretion; he neither acknowledged nor ruled on Appellant's Rule 56(d) request. In *Patty Precision v. Brown & Sharpe Mfg. Co.*, 742 F.2d 1260 (10th Cir. 1984), the Tenth Circuit remanded a case where the trial court granted summary judgment without ruling on the opposing party's request for discovery, due to the "uncertainty created by the court's failure to exercise its discretion…." *Id.* at 1265. This court should do the same and, further, direct Judge Lee to permit Appellant discovery before entertaining another dispositive motion by Deane.[8]

---

[8] Furthermore, in response to Deane's motion Appellant objected to Deane's failure to answer the Second Amended Complaint. (JA at 511). A motion for summary judgment is neither an answer nor a motion pursuant to Rule 12. While some courts have deemed summary judgment motions sufficiently similar to Rule 12 motions to excuse a defendant's failure to answer before moving, *see Rashidi v.*

## II. APPELLANT INTRODUCED SUFFICIENT EVIDENCE TO DEFEAT SUMMARY JUDGMENT ON HER CONTRACT CLAIM; HOWEVER, THE TRIAL COURT'S APPLICATION OF VIRGINIA LAW TO THE ELEMENT OF DAMAGES WAS ERRONEOUS.

The District Court dismissed Appellant's contract claim based his view that she could not raise a triable issue as to damages. (JA at 662-66). Judge Lee's decision is based on three erroneous conclusions: First, that penalties and interest are not the natural and ordinary result of a tax preparer's breach, a holding which is contrary to common experience and the weight of authority. Second, that in order to recover consequential damages, a plaintiff must prove a defendant agreed to be liable for those damages, even though there is no such requirement under Virginia law. Third, that because the obligation to pay Appellant's taxes was solely hers, she could not prove Deane proximately caused her damages.[9] Each of the foregoing decisions is erroneous. Appellant introduced ample evidence on damages and she was entitled to have a jury decide her breach of contract claim.

---

*Albright*, 818 F. Supp. 1354, 1356 (D. Nev. 1993), *aff'd*, 39 F.3d 1188 (9th Cir. 1994), at a minimum Appellant's well-pleaded allegations should have been accepted as true, as they would be pursuant to Rule 12. *See Vitol, S.A. v. Primerose Shipping Co. Ltd.*, 708 F.3d 527, 539 (4th Cir. 2013) (pursuant to Rule 12(b)(6) a court must accept as true all well-pleaded allegations in a complaint and draw all inferences therefrom in plaintiff's favor). Judge Lee failed to respond to this request as well, further prejudicing Appellant's ability to respond to Deane's motion.

[9] On this basis the District Court also dismissed Appellant's claim for breach of the covenant of good faith and fair dealing. (JA at 666).

## **Virginia Law on Contract Damages**

As noted above, Judge Lee previously held a professional malpractice claim against an accountant to sound in contract. The starting point for reviewing the District Court's dismissal of Appellant's claim is Virginia's law on contract damages. Virginia applies the two principles first expressed in *Hadley v. Baxendale*, 9 Exch. 341, 156 Eng. Rep. 145 (1854). Direct damages "are those which flow naturally or ordinarily from the contract breach." *Long v. Abbruzzetti*, 254 Va. 122, 126 (1997). *See also Sinclair Ref. Co. v. Hamilton & Dotson*, 164 Va. 203, 209 (1935) (discussing *Hadley*). Direct damages are presumed to have been foreseen by the parties and are recoverable even absent proof that the breaching party foresaw such damages.

By contrast, consequential damages "occur from the intervention of special circumstances that are not ordinarily predictable." *Long*, 254 Va. at 126. Whether consequential damages are recoverable depends on whether they were foreseen or reasonably foreseeable at the time of contracting:

> If damages are direct, they are compensable. In contrast, if damages are consequential in nature, they are compensable only if the special circumstances were within the contemplation of all contracting parties at the time the contract was made….
>
> ***"Contemplation," in this context, includes both circumstances that are actually foreseen and those that are reasonably foreseeable….*** The issue whether

> damages are direct or consequential is a question of law. However, the issue whether special circumstances were within the contemplation of the parties is a question of fact.

*Id*. at 127 (emphasis added). *Accord* Restatement (2d) of Contracts § 351 (1981). According to this authority, Appellant plainly suffered compensable damages from Deane's misconduct.

### A. PENALTIES, INTEREST, ADDITIONS TO TAX, ATTORNEY'S FEES AND ACCOUNTANT'S FEES ARISE NATURALLY AND ORDINARILY FROM A TAX RETURN PREPARER'S BREACH, AND THEREFORE ARE DIRECT DAMAGES.

Appellant submits that if one hundred Certified Public Accountants—like Jon Deane—were asked to predict the consequences of a tax return preparer's negligence, it is likely all one hundred would mention IRS penalties, interest, and additions to tax. The District Court, however, held such damages are not direct but, instead, are consequential. This holding is contrary to common experience and the great weight of authority.

As a threshold matter, the District Court believed that "[i]n oral argument on the Motion to Dismiss, [Appellant's] attorney conceded that [Appellant's] claimed penalties and interest are consequential," citing an excerpt from oral argument on Deane's Motion to Dismiss. (JA at 662). In the excerpt, which follows a series of exchanges between counsel and the District Court, counsel appears to agree with

the District Court's questioning whether he agrees Appellant's damages are consequential. However, the discussion continues as follows:

> THE COURT: Have you pled here facts suggesting that the accountant, in undertaking employment to issue and prepare tax returns, agreed to be personally liable for penalties and interest if the tax return was not filed on time?
>
> Have you pled facts that suggest those facts were in the contemplation of the parties at the time they entered into the contract?
>
> MR. GREMMINGER: Have we pled facts that say that specifically, no, Your Honor. I don't think we have.

(JA at 296:12-22). Counsel's response is entirely consistent with Appellant's position that penalties and interest are direct damages. Appellant was not required to allege either that Deane agreed to or contemplated liability. By no means did Appellant abandon her position that such damages are direct, which was clearly spelled out in Appellant's brief in opposition to Deane's Motion to Dismiss. (JA at

27

247) (penalties and interest "flow naturally and ordinarily from [Deane's] breach.").[10]

Indeed, courts routinely permit plaintiffs' recovery of penalties, interest, and additions to tax. For instance, in *Boone v. C. Arthur Weaver Co.*, 235 Va. 157 (1988), Weaver sued its accountant alleging, *inter alia*, negligence in preparing the firm's 1976 tax returns, which exposed Weaver to penalties, interest, and additions to tax for unreported income. *Id.* at 159. After a bench trial, judgment was entered in favor of Weaver. *Id.* at 160.[11] In *H & R Block v. Testerman*, 275 Md. 36, 41 (1975), the Maryland Court of Appeals awarded the plaintiff damages for "the interest and penalties assessed against them, together with the legal and accounting costs they had been required to incur" as a result of a tax return preparer's errors. In *Thomas v. Cleary*, 768 P.2d 1090, 1091-92 n. 5 (Alaska 1989), another case addressing the issue of a tax return preparer's liability, the Supreme Court of Alaska stated "the appropriate measure of damages is the difference between what the taxpayers would have owed…if the tax returns were properly prepared, and

---

[10] Nor did Appellant abandon her position in her opposition to Deane's subsequent Motion for Summary Judgment. Instead, based on Deane's admission in his form agreement that he foresaw penalties and interest, Appellant argued those damages were recoverable whether deemed direct or consequential. (JA at 524-25).

[11] The Virginia Supreme Court decision addresses only statute of limitations issues and affirmed the decision of the Circuit Court awarding $54,346.16 to Weaver. *C. Arthur Weaver Company, Inc. v. H.C. Boone*, 2 Va. Cir. 242 (Cir. Ct. Rich. 1984).

what they owe now because of their accountants' negligence…." In *Sahadi v. Schaeffer*, 155 Cal. App.4th 704, 722 (2007), the court permitted the plaintiff to prove that negligence in the preparation of their tax returns was a substantial factor in causing them to incur costs of IRS audits as well as ancillary damages due to tax liens.[12]

Appellant's damages are indistinguishable from those suffered by the plaintiffs in these cases: As a direct and proximate result of Deane's misconduct,

---

[12] In addition to these cases, numerous courts have held taxes, penalties, and/or interest recoverable as damages due to tax return preparers' or accountants' malpractice. *See L. B. Laboratories, Inc. v. Mitchell*, 39 Cal. 2d 56, 59, 244 P.2d 385, 386 (1952) (accountant breaching promise to file tax return on time liable for ensuing penalty); *Frank v. Lockwood*, 275 Neb. 735, 749, 749 N.W.2d 443, 454 (2008) (penalties recoverable as proximately caused by accountant's negligence); *Bick v. Peat Marwick & Main*, 14 Kan.App.2d 699, 799 P.2d 94 (1990) (same); *Moonie v. Lynch*, 256 Cal.App.2d 361, 64 Cal.Rptr. 55 (1967) (same); *Ruper v. Spada*, 1987 WL 30526 (Ohio Ct. App. Dec. 24, 1987) (accountant liable for IRS penalty assessed against plaintiff); *Vogt v. Abish*, 663 F. Supp. 321 (S.D.N.Y. 1987) (accountant liable for taxes where accountant failed to inform taxpayer properly of ability to shelter income to avoid taxes); *Jamison, Money, Farmer & Co., PC v. Standeffer*, 678 So.2d 1061 (Ala. 1996)(same); *Jones v. Childers*, 1992 WL 300845 (D.C.Fla.) (unreported), *aff'd in part, and rev'd in part*, 18 F.3d 899 (11th Cir.1994) (same); *Jerry Clark Equip., Inc. v. Hibbits*, 245 Ill.App.3d 230, 183 Ill. Dec. 931, 612 N.E.2d 858 (1993), *appeal den.*, 152 Ill.2d 560, 190 Ill. Dec. 891, 622 N.E.2d 1208 (1993) (same); *Warmbrodt v. Blanchard*, 100 Nev. 703, 692 P.2d 1282 (1984) (same); *Wyatt v. Smith*, 1993 WL 518630 (Ohio Ct.App.) (unreported) (same); *Merriam v. Continental Casualty Co.*, 228 Wis.2d 510, 597 N.W.2d 774 (Ct.App.1999) ("unpublished limited precedent opinion"), *review den.*, 230 Wis.2d 274, 604 N.W.2d 572 (1999) (same); *Adel v. Parkhurst*, 681 P.2d 886 (Wyo.1984) (same).

Appellant was assessed penalties and interest which she otherwise would not been assessed. Common experience, as well as the cases cited herein, indicate that such damages are the "natural and ordinary" result of a tax return preparer's malpractice. As such, they are recoverable as direct damages from Deane's breach of his duties under contract.

> **B.  ALTERNATIVELY, THE PENALTIES, INTEREST, ADDITIONS TO TAX, ATTORNEY'S FEES, AND ACCOUNTANT'S FEES ARE RECOVERABLE AS CONSEQUENTIAL DAMAGES BECAUSE THEY WERE FORESEEABLE TO DEANE.**

Even if this Court disagrees with the contention that these damages are direct, Appellant may recover them as consequential damages. Under applicable Virginia law, consequential damages are recoverable if foreseeable to the breaching party at the time of contracting. One need look no further than Deane's own standard form of agreement to rule in Appellant's favor: Deane expressly disclaimed liability for penalties and interest, thus admitting he anticipated those damages were a foreseeable consequence of breach.

The District Court reached a contrary conclusion due to three errors: First, Judge Lee required Appellant to prove Deane *agreed* to be liable for such damages, an element absent from Virginia law. Second, because Deane's engagement letter disclaimed liability for penalties and interest, Judge Lee held Deane did not "contemplate" such liability. However in this context the term "contemplate" means "foresee." Third, Judge Lee erroneously equated Appellant's

denial she was bound by the agreement with a contention the agreement "did not apply to the dispute."

Virginia law is straightforward: Where the breaching party foresaw, or reasonably should have foreseen, a type of damage as a consequence of his breach, he is liable for that damage. *Va. Polytechnic Inst. & State Univ. v. Interactive Return Serv.*, 267 Va. 642, 655-656 (2004). It is thus not even necessary that the breaching party actually foresee the damages if a reasonable person in his circumstances should have foreseen the damages. *Id*. at 654; *Roanoke Hospital Asso. v. Doyle & Russell, Inc.*, 215 Va. 796, 801 (1975).

> **1.     That Deane foresaw Appellant would suffer penalties and interest as a result of his breach is undisputed.**

There can be no question that when Deane accepted the engagement he contemplated that an error on his part could cause Appellant penalties, interest, and defense costs. To begin with, it strains credulity to believe a CPA such as Deane could have been ignorant of the probability that the IRS and the Commonwealth would impose penalties and interest on Appellant for filing an extension request without paying taxes that, unbeknownst to Appellant, were due.[13]

Any doubt, however, is erased by Deane's own form of tax return preparation engagement letter in which he goes to great lengths to disclaim liability

---

[13] As noted above, Deane led Appellant to believe she owed no taxes when he prepared and sent to her the joint extension request claiming an overpayment. (JA at 392 and 548, ¶ 31).

for these damages. That document expressly states: "Various penalties and interest are imposed when taxpayers fail to pay the full amount of taxes owed by the filing due date," in this case April 15, 2010. (JA at 599). Deane also admits the possibility of costs associated with IRS examinations, and offers to represent clients in such examinations. (*Id*. at 598). Deane will "render additional invoices for these services and expenses incurred." (*Id*.).

This evidence is sufficient to at least create a jury question on the issue of foreseeability. *See Roanoke Hosp., supra*, 215 Va. at 801 ("whether special circumstances were within the contemplation of the parties is a question of fact"). A reasonable juror could certainly find Deane foresaw liability for damages he expressly anticipated and tried to disclaim in his own form of agreement.

### 2.   The District Court erroneously required Appellant to prove Deane agreed to be liable for consequential damages.

Judge Lee imposed a burden on Appellant which is not part of Virginia law: to raise a dispute of fact as to whether Deane **_agreed_** to be liable for consequential damages. Virginia's courts impose no such requirement. *See Va. Polytechnic Inst. & State Univ.*, 267 Va. at 654-56 (stating law of recoverability of consequential damages without reference to a defendant's agreement to be so liable). *See also* Restatement (2d) of Contracts § 351 cmt. a ("the party in breach need not have

made a 'tacit agreement' to be liable for the loss"). Instead, the only requirement is foreseeability.

That the District Court held otherwise is manifest throughout the record. As noted above, during the hearing on Deane's Motion to Dismiss, Judge Lee asked of Appellant's counsel: "Have you pled here facts suggesting the accountant, agreed to be personally liable for penalties and interest if the tax return was not filed on time?" (JA at 296:12-16). This exchange is later referred to in the Opinion and Order granting Deane's Motion for Summary Judgment: "The [District] Court repeatedly questioned [Appellant's] attorneys regarding what proof [Appellant] had that ***[Deane] agreed to be liable*** for the types of damages that she was requesting." (*Id*. at 663 (emphasis added)). Judge Lee expressly held the following to be Appellant's burden of proof with respect to consequential damages:

> Plaintiff must present facts tending to show a genuine dispute of fact that the Defendant and Plaintiff ***agreed*** at the time of contracting that the Defendant accountant ***agreed*** to take on the responsibility for paying Plaintiff's unpaid income taxes, penalties on unpaid taxes, tax liens, and damage to Plaintiff's business.

(*Id*. at 662 (emphasis added)). Respectfully, according to the settled Virginia law discussed above, Appellant's only burden was to raise a genuine dispute of fact that Deane foresaw, or should have foreseen, such damages on account of his misconduct. Appellant sustained this burden.

3.    **Appellant came forward with sufficient evidence as to consequential damages to defeat Deane's motion; the District Court erroneously failed to properly consider the admissions in Deane's form engagement letter and other evidence he foresaw penalties and interest damages.**

The evidence before the District Court was more than adequate to raise a jury question as to consequential damages. However, Judge Lee never considered Deane's form agreement for what it is: an admission by Deane that (a) he anticipated penalties and interest would ensue if "taxpayers fail to pay the full amount of taxes owed by the filing due date," (JA at 599), and (b) claims for those damages might be brought against Deane arising out of tax return preparation. A reasonable juror could infer as much from Deane's attempt at disclaiming such liability in his standard tax return preparation agreement. *See Richmond Medical Supply Co. v. Clifton*, 235 Va. 584, 587 (1988) (having determined claimed damages were consequential, trial court erred in not submitting issue of "contemplation" to jury).

The District Court's contrary conclusion is based on an incorrect application of Virginia law. He rejected Appellant's argument based on the form agreement:

> Plaintiff's logic is counterintuitive. The contract explicitly states that Defendants would not be liable for interest, penalties, consequential, or indirect damages. This shows that it was Defendants' explicit contemplation that liability for these kinds of damages was on the client,

34

>because Defendants expressly disclaimed liability for
>unpaid taxes and penalties.

(JA at 662-63). Respectfully, the District Court has misconstrued the term "contemplate" as it relates to consequential damages. The Virginia Supreme Court has repeatedly held "[i]n this context, 'contemplation' includes what was actually foreseen and what was reasonably foreseeable." *Roanoke Hosp., supra*, 215 Va. at 801 (citations omitted). Again, a reasonable juror could find Deane's effort to protect himself from such claims tends to prove he foresaw those claims.

The District Court's holding also has the perverse effect of enforcing against Appellant an agreement she never saw or signed. (JA at 544-45, ¶¶ 2-9). Judge Lee, in fact, held "resolution of the issue of whether or not Plaintiff entered into the Letter of Engagement is a question of fact which may not be decided by the Court on a Motion for Summary Judgment…and the Court denies the Defendants' Motion for Summary Judgment as to breach of the 'Letter of Engagement.'" (*Id*. at 662). By denying Appellant damages based on Deane's contractual disclaimer, however, the result is the same as it would have been if the engagement letter were enforced against her.[14]

---

[14] Judge Lee also termed "paradoxical" Appellant's denial that she was bound by the form letter, while at the same time using the letter on the issue of foreseeability. (JA at 662). However, there is nothing improper or inconsistent about Appellant contending she should not be bound by a document she never saw, while at the same time using the document, which Deane drafted, as evidence of his state of mind.

Furthermore, Appellant came forward with additional evidence indicating Deane was well aware Appellant would suffer penalties, interest, and other damages. For instance, on May 10, 2010, Deane knew he had sent Appellant a joint extension request which led her to believe she owed no taxes, but he had not disclosed to her that he was preparing a separate return for Ed Rogers which would claim all of the couple's deductions, exemptions, payments, and credits and leave her with the couple's tax liabilities. In an email to Ed Rogers' personal address, he admits knowing Appellant "[is] incurring more interest and penalties as time goes on." (JA at 532). The District Court ignored this evidence.

### C. THE EVIDENCE BEFORE THE DISTRICT COURT ON THE ISSUE OF PROXIMATE CAUSATION WAS SUFFICIENT TO CREATE A GENUINE DISPUTE OF MATERIAL FACT.

The District Court also rejected Appellant's claim for damages on the basis of proximate causation. (JA at 663). This decision is plainly at odds with the evidence.

Appellant testified that household taxes were paid on a current basis in 2009. (JA at 547, ¶ 22). Furthermore, Appellant understood she was entitled to some or all of a $188,000 overpayment credit carried over from the couple's 2008 joint federal income tax return. (*Id*. at ¶ 16). On April 15, 2010, Deane sent to Appellant the joint extension request which confirmed an overpayment of taxes. (*Id*. at ¶ 31). Because Deane failed to notify Appellant of his conflict of interest and his

agreement with Ed Rogers to file separate returns depriving Appellant of the couple's credits, exemptions, payments, and deductions, Appellant—in reliance on Deane—reasonably understood she had no unpaid 2009 federal tax liability. (*Id*. at ¶ 21).

Deane was under no such misconception. He knew that as of April 15, 2010, Appellant became liable for penalties, interest, and additional taxes by virtue of failing to include a payment with the extension request. (JA at 394-95). Yet the District Court found: "At the very least, [Appellant] knew exactly what her tax liability was, even if she disagreed with it, when she received her draft tax return from Mr. Deane in August of 2010…." (*Id*. at 663). By August of 2010, however, Appellant had ***already been damaged by Deane's misconduct***. Furthermore, as noted above, there is a question of fact as to whether Deane ever filed the joint application for extension as he claimed. Appellant was assessed a penalty for failing to file, (*id*. at 548, ¶ 31), but, upon information and belief, Ed Rogers was not. Since the extension request Deane claimed he filed was in both of their names, Appellant should have been given the opportunity to cross-examine Deane on this issue before judgment was entered.

Judge Lee relied on emails Deane introduced, but those emails from Deane mention nothing about his previously acknowledged plan to file a separate return for Ed Rogers, thus exposing Appellant to damages. (JA at 663-64). Without any

evidentiary support other than Deane's self-serving declaration, the District Court states "Mr. Deane did not try to hide Plaintiff's tax liability or lack of deductions or credits from her." (*Id.*). Not only is this conclusion disputed by Deane's and Ed Rogers' agreement to stop sending information to the couple's home, (JA at 534), it ignores Deane's statutory duty to obtain her informed consent due to his conflict of interest. *See* Va. Code § 54.1-44413.3(4) and discussion, *supra*, at 6-7.[15] This is an affirmative duty of disclosure—even were Deane somehow found not to have actively concealed his actions, he is nevertheless liable to Appellant.

The District Court also ignored Appellant's declaration, in which she states that in July, 2010 Deane refused her request for a copy of Ed Rogers' separate return and subsequently misled her by stating she was not legally entitled to any of the couple's payments, exemptions, deductions, and credits. (JA at 546, ¶¶ 16, 17, and 19). Indeed, Judge Lee made no more than a passing reference to Appellant's declaration, while repeatedly crediting Deane's and Ed Rogers' declarations.

The totality of the evidence, when properly viewed in a light favorable to Appellant as the non-moving party, should have been sufficient to deny summary judgment to Deane on the issue of proximate causation.

---

[15] Moreover, these emails from Deane were sent after April 15, 2010, the date on which Appellant's damages commenced.

38

III.     **APPELLANT MADE A PRIMA FACIE SHOWING OF A CONSPIRACY PURSUANT TO VA. CODE §§ 18.2-499 AND -500; DISPUTED ISSUES OF FACT PRECLUDE SUMMARY JUDGMENT.**

Appellant's third cause of action alleged a statutory business conspiracy pursuant to Va. Code §§ 18.2-499 and -500. The District Court stated three reasons for  dismissing Appellant's claim: First, that Ed Rogers and Deane were principal and agent, and therefore one person under Virginia law and incapable of conspiring with each other. Second, that Appellant "failed to demonstrate Deane had legal malice." Third, that Appellant "failed to demonstrate … business injury." Each of these findings is erroneous.

### Statutory Business Conspiracy

Va. Code §§ 18.2-499 and -500 provide for civil and criminal sanctions against persons who conspire to damage a plaintiff's business interests:

> Any two or more persons who combine, associate, agree, mutually undertake or concert together for the purpose of (i) willfully and maliciously injuring another in his reputation, trade, business or profession by any means whatever or (ii) willfully and maliciously compelling another to do or perform any act against his will, or preventing or hindering another from doing or performing any lawful act, shall be jointly and severally guilty of a Class 1 misdemeanor. Such punishment shall be in addition to any civil relief recoverable under § 18.2-500.

Va. Code Ann. § 18.2-499(a). In order to make out a *prima facie* case of statutory business conspiracy, a plaintiff must show by clear and convincing evidence (a) two or more persons combined (b) to willfully and with legal malice injure another in his reputation, trade, business, or profession. *Multi-Channel TV Cable Co. v. Charlottesville Quality Cable Operating Co.*, 108 F.3d 522, 526 (4th Cir. 1997).

The statute does "not require a plaintiff to prove that a conspirator's primary and overriding purpose is to injure another in his trade or business.... Rather ... these statutes merely require proof of legal malice, that is, proof that the defendant acted intentionally, purposefully, and without lawful justification." *Advanced Marine Enters., Inc. v. PRC Inc.*, 256 Va. 106, 108 (1998). "Legal malice" means the defendant "contrived to accomplish some … unlawful purpose, or to accomplish some purpose, not in itself … unlawful, by … unlawful means." *Carpenter v. Drechsler*, 1991 WL 332766, at *8 (W.D. Va. May 7, 1991) (citations omitted), *aff'd mem.*, 19 F.3d 1428 (4th Cir. 1994).

Without the opportunity to depose Ed Rogers and Jon Deane, Appellant was prejudiced in her ability to introduce evidence of Deane's intent and purpose. Nevertheless, Appellant sustained her burden of coming forward with evidence demonstrating disputed issues of material fact.

## A.   APPELLEES FAILED TO SUSTAIN THEIR BURDEN OF PROVING NO DISPUTED ISSUE OF FACT AS TO AN AGENCY RELATIONSHIP BETWEEN DEANE AND ED ROGERS.

The evidence before the District Court established that Deane and Ed Rogers were not agent and principal. The engagement letter which Jon Deane swore governed their relationship bears absolutely no indicia of an agency agreement. Moreover, since entry of the decision below, the Court of Appeals for the District of Columbia Circuit has held tax return preparers not to be agents of their clients. Respectfully, this Court should adopt the reasoning of its sister circuit.

As a threshold matter, "the party alleging an agency relationship has the burden of proving it." *Riestroffer v. Person*, 247 Va. 45, 48 (1994) (citing *Allen v. Lindstrom*, 239 Va. 489, 496 (1989). Deane's agency theory is an affirmative defense. "[T]he question of an agency *vel non* is one of fact for the jury….." *Drake v. Livesay*, 231 Va. 117, 121 (1986). Under Virginia law, accountants are not presumed to be agents of their clients. *See Allen Realty Corp. v. Holbert*, 227 Va. 441, 447 (1984) (accountant ***may*** be client's agent "because of money or property entrusted to him"). *See also Couch v. United States*, 409 U.S. 322, 324 (1973) (accountant "an independent contractor with his own office and numerous other clients who compensated him on a piecework basis").

The hallmark of an agency relationship is the agent's actual or apparent authority to "alter the legal relations between a principal and third party."

Restatement (2d) of Agency § 12. Further, under Virginia law a key "criterion for determining whether a relationship is one of principal-agent … is control or the right to control the methods or details of doing the work…." *Wells v. Whitaker*, 207 Va. 616, 624 (1966). *See also* Restatement (2d) of Agency § 14 ("A principal has the right to control the conduct of the agent with respect to the matters entrusted to him"). However, instead of facts from which an agency relationship could be inferred, Deane offered little more than gratuitous legal conclusions.[16]

This analysis should have started and ended with the agreement between Deane and Ed Rogers, which the District Court barely mentions. In their twin declarations, Deane and Ed Rogers both swear this document governed their relationship. (JA at 382, ¶ 5 and 386, ¶ 5). It is not an agency agreement. (*Id.* at 380-81). It states: "Our engagement will be complete upon the delivery of the [tax] returns to you." (*Id.* at 380). It contains no language empowering Deane to communicate with any third party, including the IRS or Virginia taxing authorities, on behalf of Ed Rogers. It contains no language empowering Deane to alter Ed Rogers' legal relationship with any third party. It does not entrust any property to

---

[16] Ed Rogers states in his declaration that since the mid-1990s Deane "has been my agent for tax purposes." (JA at 363, ¶ 3). Even if this statement is credited it does not preclude a conspiracy between Deane and Ed Rogers *to injure Appellant*. The rule on which the District Court relied states a principal cannot conspire with an agent "act[ing] within the scope of its agency." *Charles E. Brauer Co., Inc. v. NationsBank of Virginia, N.A.*, 251 Va. 28, 36 (1996). Not even Deane claims to have been engaged to represent Ed Rogers in transactions with Appellant.

Deane. It does not give Ed Rogers the power to dictate the means and methods Deane used to prepare the tax forms.[17] It does not hold Deane out to any third party as Ed Rogers' agent. It bears no indicia of an intent by Deane to act as an agent or of an intent by Ed Rogers to appoint an agent. Instead, it simply is an offer to prepare tax forms.

Moreover, Appellant testified neither she nor Ed Rogers executed a power of attorney, IRS Form 2848, which would have permitted Deane to substantively communicate with the IRS or Virginia taxing authorities on their behalf. (JA at 545, ¶ 14). The absence of an IRS power of attorney is a key factor relied on by the D.C. Circuit in holding tax return preparers are agents. *Loving v. I.R.S.*, 742 F.3d 1013, 1017 (D.C. Cir. 2014). In *Loving*, decided shortly after the District Court's decision below, plaintiffs challenged the IRS's authority to issue regulations requiring tax return preparers to pass a certification exam, pay annual fees, and complete 15 hours of continuing education annually. The issue before the court

---

[17] The District Court suggests Ed Rogers had control over the details of Deane's work because he made decisions regarding whether to prepare joint or separate returns, provided information for the return, and instructed Deane as to deductions and credits. (JA at 669). The finding relies not on evidence, but on the argument of counsel in Deane's brief. (*Id*.). Furthermore, the District Court confuses control over the outcome of work, which does not suggest an agency relationship, with control over details such as "how or where [the agent's] salesmen should travel, what means of transportation [the agent] should use, when he should work, and the details of his activity." *Wells, supra*, 207 Va. at 625. There is no evidence Ed Rogers had absolute control over the manner in which Deane prepared tax returns.

was whether tax return preparers were "representatives" of taxpayers, and hence within the scope of IRS authority pursuant to 31 U.S.C. § 330. *Loving, supra*, 742 F.3d at 1014-15. The court equated the statutory term "representative" with "an agent with authority to bind others;" thus the case turned, in part, on the question whether tax return preparers were agents of their clients. *Id.* at 1016.

The Court of Appeals answered the question in the negative. In pertinent part, the court wrote:

> Put simply, tax-return preparers are not agents. They do not possess legal authority to act on the taxpayer's behalf. They cannot legally bind the taxpayer by acting on the taxpayer's behalf. The IRS cites no law suggesting that tax-return preparers have legal authority to act on behalf of taxpayers. Indeed, a tax-return preparer who tried to act on the taxpayer's behalf would run into trouble with the IRS: Under the IRS regulation found at 26 C.F.R. § 601.504(a), ***"representation" of a taxpayer before the IRS requires formally obtaining the taxpayer's power of attorney, something tax-return preparers do not typically obtain*** when preparing returns. Moreover, because a tax-return preparer is not a representative, the taxpayer ordinarily must still sign and submit the return in his or her own name even when the taxpayer uses the services of a tax-return preparer.

*Loving, supra*, 742 F.3d at 1017 (emphasis added).

The *Loving* court also rejects one of the reasons Judge Lee held Deane to be an agent of Ed Rogers: that he checked a box on his 2009 tax return designating

Deane as someone with whom the IRS could discuss the return. (JA at 669). The Court of Appeals observed: "as the instructions for the standard tax return make clear … third-party designee status is not the same as representative status or power of attorney." *Loving, supra*, 742 F.3d at 1017. As distinguished from an agent, a designee is "not authorize[ed] to … bind you to anything." *Id.*

Even if this Court declines to follow *Loving*, the decision below should be reversed due to the absence of evidence of an agency relationship. At a minimum, disputed issues of fact preclude judgment against Appellant on this basis.

> **B.    APPELLANT INTRODUCED SUFFICIENT EVIDENCE TO CREATE A JURY QUESTION AS TO WHETHER DEANE ACTED WITH LEGAL MALICE.**

The District Court, in the alternative, held Appellant failed to create a disputed question of fact as to whether Deane acted with the requisite malice to sustain her claim of statutory business conspiracy. (JA at 671). Judge Lee found Appellant's "conclusory statements and bare allegations" to be insufficient as a matter of law. Again, without the benefit of discovery on this issue, Appellant was prejudiced in her effort to introduce evidence of Deane's motives, intent, and bad faith. *Ingle, supra*, 439 F.3d at 196-97. Nevertheless, Appellant at a minimum raised disputed issues of fact as to Deane's legal malice.

For purposes of Virginia's business conspiracy statute, to act with "legal malice" means to act "intentionally, purposefully, and without lawful justification"

45

to injure the plaintiff. *Simmons v. Miller*, 261 Va. 561, 578 (2001). With respect to this element of Appellant's claim, Va. Code §§ 18.2-499 and -500 "do not require a plaintiff to prove that a conspirator's primary and overriding purpose is to injure [Appellant] in [her] trade or business." *Simmons*, 261 Va. at 578. This Court is in agreement. *See Multi-Channel TV Cable Co. v. Charlottesville Quality Cable Operating Co*., 108 F.3d 522, 527 (4th Cir. 1997) ("as a general proposition, the conspiracy statutes [do not] require proof that a conspirator's primary and overriding purpose is to injure another in his trade or business") (citing *Commercial Bus. Sys. v. BellSouth Servs., Inc*., 249 Va. 39 (1995)).

Appellant discharged her burden opposing Deane's motion by presenting evidence Deane (a) violated Virginia statutory law when he failed to obtain her informed consent notwithstanding his conflict of interest, Va. Code § 54.1-44413.3(4); CPC ET § 102.03, and (b) intentionally concealed from Appellant his intent to file a separate return for Ed Rogers which would cause her to incur penalties, interest, additions to tax, and other expenses. Appellant testified Deane misled her into believing she had no tax liability when she received the joint extension, Deane lied when he told her she was "not entitled" to the couple's deductions and credits, Deane concealed from her his agreement to prepare a separate return for Ed Rogers, and Deane failed to obtain her informed consent once the conflict arose. (JA at 546-48, ¶¶ 17, 19, 21, and 31).

46

Even without the opportunity to depose Deane, Appellant presented sufficient evidence to create a disputed issue of fact as to Deane's legal malice. Judge Lee's holding to the contrary is in error.

### C.  APPELLANT INTRODUCED SUFFICIENT EVIDENCE TO CREATE A JURY QUESTION AS TO WHETHER DEANE INJURED HER BUSINESS INTERESTS.

As a third basis for dismissal of Appellant's business conspiracy claim, the District Court held Appellant failed to create a jury question as to whether she was injured in her business or profession as a result of Deane's unlawful conduct. (JA at 672). Judge Lee held the devastating effects on Appellant's business were "too attenuated" from Deane's misconduct in April, 2010. (*Id.*).

In this respect, Appellant again is prejudiced by the District Court's inexplicable failure to address her Rule 56(d) application. Even without the opportunity to depose Deane, however, Appellant testified he was intimately familiar with her business, having provided advice with respect to "tax planning, preparation of state and federal tax forms, location of her principal place of business, obtaining a Virginia business license, and preparing withholding for her employees." (JA at 547, ¶ 28). She further testified to business revenue of $223,000 and one employee in 2009, and that thereafter "as a result of Deane's intentional and malicious acts, [her] business … earned no revenue and no longer has any employees." (*Id.* at 547-48, ¶¶ 29 and 30). In addition, in December, 2010,

long after Appellant fired him, Deane sent to Ed Rogers a list of Appellant's sources of income in 2007 and 2008. (*Id*. at 542). Appellant was permitted an inference this communication was undertaken in order to assess the conspiracy's effects on Appellant's business income.

Appellant specifically alleged Deane acted in concert with Ed Rogers to conceal his conflict of interest and deprive Appellant of her source of independent income. In her Second Amended Complaint, which Deane never answered, Appellant alleged Jon Deane determined he and his firm would profit by maintaining their relationship with Mr. Rogers. Deane provides tax and auditing services for Ed Rogers and several companies which Mr. Rogers controls, including BGR Consulting, Inc. Deane admitted a substantial portion of his business income is directly or indirectly attributable to Ed Rogers. In other words, Jon Deane acted in concert with Ed Rogers, violated his duties to Appellant, violated Virginia statutory law, and breached Appellant's trust for his own financial gain. (JA at 335-36, ¶¶ 65-67). As a direct and proximate result Appellant's business was damaged.

Therefore Appellant came forward with sufficient evidence to create a jury question as to whether Deane acted unlawfully and, in doing so, injured Appellant's business interests.

## **CONCLUSION**

For all of the foregoing reasons, Appellant respectfully requests this Honorable Court reverse the decision below and remand this case to the District Court with instructions to permit the parties to engage in discovery before considering any further dispositive motion by Deane.

June 23, 2014

/s/ Steven Gremminger
Steven Gremminger*
DC Bar No. 353821
Steven M. Oster
DC Bar No. 376030
**GREMMINGER LAW FIRM**
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, DC 20015
(202) 885-5526
steve@gremmingerlawfirm.com

*Counsel for Appellant*
  *Edwina C. Rogers*

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to Fed. R. App. P. 34(a) and L.R. 34(a), Appellant respectfully requests oral argument. The Court's consideration of the issues presented on this appeal may be advanced or assisted by the presence of counsel to comment and respond to inquiries from the Court. This case involves novel issues of Virginia statutory and common law applied to a hotly disputed factual scenario, as well as application of a recent decision of the D.C. Circuit. It merits the opportunity for oral advocacy.

June 23, 2014                              /s/ Steven Gremminger
                                           Steven Gremminger*
                                           DC Bar No. 353821
                                           Steven M. Oster
                                           DC Bar No. 376030
                                           **GREMMINGER LAW FIRM**
                                           5335 Wisconsin Avenue, N.W.
                                           Suite 440
                                           Washington, DC 20015
                                           (202) 885-5526
                                           steve@gremmingerlawfirm.com

                                           *Counsel for Appellant*
                                             *Edwina C. Rogers*

50

## UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

### CERTIFICATE OF COMPLIANCE WITH RULE 32(a)
Certificate of Compliance with Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements

1.   This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

>   this brief contains <u>11,153</u> words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.   This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

>   this brief has been prepared in a proportional spaced typeface using <u>Microsoft Word</u> in <u>14 point Times New Roman</u>.

/s/ Steven Gremminger
Steven Gremminger*

*Counsel for Appellant*
*Edwina C. Rogers*

Dated:  June 23, 2014

## <u>CERTIFICATE OF FILING AND SERVICE</u>

I hereby certify that on June 23, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

William J. Carter
Dennis J. Quinn
Kristine M. Ellison
CARR MALONEY P.C.
2000 L Street, N.W. Suite 450
Washington, D.C. 20036
(202) 310-5500
wjc@carrmaloney.com
djq@carrmaloney.com
kme@carrmaloney.com

*Counsel for Appellees*

The necessary filing and service were performed in accordance with the instructions given to me by counsel in this case.

/s/  Shelly N. Gannon
Shelly N. Gannon
GIBSON MOORE APPELLATE SERVICES, LLC
421 East Franklin Street
Suite 230
Richmond, VA  23219